**WO**                                                                    TCK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Jerry Lee Cole,                              )    No. CV 05-3454-PHX-MHM(VAM)
                                             )
              Plaintiff,                     )    **ORDER**
                                             )
vs.                                          )
                                             )
                                             )
Officer Harrington, et al.,                  )
                                             )
              Defendants.                    )
                                             )
_____         )

        Plaintiff Jerry Cole, currently confined in the Arizona State Prison Complex in Yuma, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.  The Court will order Defendants to answer the Complaint.

**A.    Application to Proceed *In Forma Pauperis* & Filing Fee**

        Plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $250 beginning with an initial partial filing fee of $17.00.  The remainder of the fee will be collected monthly in payments of 20 percent of the previous month's income, each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

**TERMPSREF**

**B.**     **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

**C.**     **Complaint**

In Count I of the Complaint, Plaintiff alleges that during the time frame when he was incarcerated in the Maricopa County Jail, he was transported from Court to the jail by Detention Officer Harrington. Plaintiff claims that the van did not have seat belts or other safety devices. Plaintiff contends that Defendant Harrington caused the van to swerve and hit something, which caused Plaintiff to fall and hit his head inside the van. Plaintiff alleges that he was injured as a result of the negligent driving of Defendant. In Count II, Plaintiff alleges that following this incident, he requested to be seen by medical staff at the jail. Plaintiff contends that Defendants refused to provide him treatment for many weeks. Plaintiff has not named any Defendants in connection with this claim. In Count III, Plaintiff alleges that he was placed in a transportation van with no seat belts and no safety devices. Plaintiff contends that all of the seat belts were taken out of the vehicle and replaced with metal benches with no handle bars or safety belts. Plaintiff contends that Defendant Arpaio was aware of the condition of the vans yet allowed inmates to be transported in them. Named as Defendants are: C. Harrington, Detention Officer and Joe Arpaio.

**D.  Claims to Be Dismissed**.

In Count I of the Complaint, Plaintiff alleges that Defendant Harrington was negligent in his operation of the van, which caused him to sustain injuries. The Due Process Clause of the Fourteenth Amendment is not implicated by a <u>negligent</u> act of an official causing

1   unintended loss or injury to life, liberty, or property. <u>Daniels v. Williams</u>, 474 U.S. 327, 328,

2   106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986).  Accordingly, Count I of this action will be

3   dismissed.

4        In Count II, Plaintiff claims that Defendants failed to provide him with medical

5   treatment for several weeks following his alleged injuries. To prevail on an Eighth

6   Amendment claim for inadequate medical treatment, a prisoner must allege acts or omissions

7   sufficiently harmful to evidence deliberate indifference to serious medical needs. <u>Estelle v.</u>

8   <u>Gamble</u>, 429 U.S. 102, 103-04 (1976); <u>Lopez</u>, 203 F.3d at 1131 (9th Cir. 2000) (*en banc*).

9   To act with deliberate indifference, a prison official must both know of and disregard an

10  excessive risk to inmate health; the official must both be aware of facts from which the

11  inference could be drawn that a substantial risk of serious harm exists and he must also draw

12  the inference.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  When a prisoner attempts to

13  hold a prison employee responsible for deliberate indifference, the prisoner must establish

14  individual fault.  <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988) (citing <u>Berg v.</u>

15  <u>Kincheloe</u>, 794 F.2d 457, 460 (9th Cir. 1986)).  "The prisoner must set forth specific facts

16  as to each individual defendant's deliberate indifference."  <u>Leer</u>, 844 F.2d at 634 (citing

17  <u>Berg</u>, 794 F.2d at 460-61).

18       Here, Plaintiff has failed to allege that a specific Defendant  knew of and disregarded

19  an excessive risk to Plaintiff.  Accordingly, Count II of the Complaint will be dismissed

20  without prejudice.

21  **E.**   **Claims to be Served**

22       The Court will require an answer to Count III of the Complaint from Defendant

23  Arpaio.

24  **F.**   **Warnings**

25      *1. Release*

26       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

27  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

28

1   the balance, or (2) show good cause, in writing, why he cannot.  Failure to comply may result
2   in dismissal.

3       *2. Address Changes*

4       Plaintiff must file and serve a notice of a change of address 10 days before the move
5   is effective, if practicable.  <u>See</u> LRCIV 83.3(d).  Plaintiff shall not include a motion for other
6   relief with a notice of change of address.  Failure to comply may result in dismissal.

7       *3. Copies*

8       Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
9   of every document that he files.  FED. R. CIV. P. 5(a).  Each filing must be accompanied by
10  a certificate stating that a copy of the filing was served.  FED. R. CIV. P. 5(d).  Also, Plaintiff
11  must submit an additional copy of every filing for use by the Court.  LRCIV 5.4.  The Court
12  may strike any filing that fails to comply with these requirements.

13      *4. Possible dismissal*

14      Plaintiff is warned that failure to timely comply with every provision of this Order,
15  including these warnings, may result in dismissal of this action without further notice.  <u>See</u>
16  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action
17  for failure to comply with any order of the Court).

18  **IT IS ORDERED:**

19      (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.

20      (2)  Plaintiff must pay the $250 filing fee and is assessed a $17.00 initial partial filing
21  fee, as required by the accompanying Order to the appropriate government agency.

22      (3) That Count I is dismissed from this action;

23      (4) That Count II is dismissed without prejudice;

24      (5)  The Clerk of Court shall send Plaintiff a service packet including the Complaint,
25  this Order, and both summons and request for waiver forms for Defendant Arpaio;

26      (6)  Plaintiff shall complete and return the service packet to the Clerk of Court within
27  20 days of the date of filing of this Order.  The United States Marshal will not provide
28  service of process if Plaintiff fails to comply with this Order.

(7)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8)  The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)  The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a)  Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b)  Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)  A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.

1    (11)  Defendants shall answer the Complaint or otherwise respond by appropriate

2    motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

3    Rules of Civil Procedure.

4    (12) Any answer or responsive pleading shall state the specific Defendant(s) by name

5    on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

6    motion or paper that does not identify the specific Defendant(s) by name on whose behalf

7    it is filed.

8    (13)  This matter is referred to Magistrate Judge Virginia A. Mathis pursuant to Rules

9    72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

10    DATED this 7th day of June, 2006.

11

12

13    _____

14    Mary H. Murguia
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28