**WO**                                                                                    TCK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jerry L. Cole, | ) No. CV CV05-3454-PHX-MHM (VAM) |
|        Plaintiff, | ) **ORDER** |
| vs. | ) |
| Sheriff Joe Arpaio, et al., | ) |
|        Defendants. | ) |

**I. Background**

Plaintiff Jerry L. Cole, confined in Arizona State Prison Complex in Yuma, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also submitted a Motion To Amend (Doc. #13) and a proposed Amended Complaint (Doc. #14). Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. No responsive pleading has been filed in this action. Accordingly, Plaintiff's Motion To Amend (Doc. #13) will be denied as moot. The Clerk of the Court will be directed to file the Lodged Amended Complaint (Doc. #14). The Court will order Defendants to answer the Amended Complaint (Doc. #14).

*///*

TERMPSREF

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

## III.  Amended Complaint

In the Amended Complaint (Doc. #14), Plaintiff alleges the following grounds for relief: (Count I) Plaintiff alleges that Defendant Harrington threatened his safety by deliberately placing him in a transport van which was not equipped with proper safety belts and other safety devices. During his transport, Plaintiff alleges that the transport van was involved in an accident and Plaintiff sustained injuries because he was not restrained in his seat.  (Count II): Plaintiff alleges that following the incident in the van, he sought medical care for his injuries by submitting a medical grievance form.  Plaintiff contends that Defendants did not respond to his grievances and therefore, he did not receive medical treatment. (Count III): Plaintiff alleges that Sheriff Joe is responsible for his injuries because he if fully aware that all of the safety devices in the transportation vans were taken out. Plaintiff contends that his life was intentionally placed in danger by Sheriff Joe's directives to remove safety devices and seat belts from the transportation van.

Named as Defendants are: Joe Arpaio; C. Harrington and John Doe.

## IV.  Claims to be Dismissed

In Count II, Plaintiff alleges that his requests for medical care set forth in his grievances were ignored and that he did not receive proper medical care for the injuries he sustained while being transported in the MCSO van.  To state a valid claim under § 1983, Plaintiff must allege that he suffered a specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and the conduct of that

defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 604-05, 607, 46 L. Ed. 2d 561, 569-70, 573 (1976).   To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation or that a state supervisory official was aware of widespread abuses and with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct.  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See Monell v. New York City Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

Plaintiff has failed to name any Defendants in Count II who caused his alleged constitutional violation.  Accordingly, Count II will be dismissed from this action without prejudice.

**V.  Claims Which Will Require a Response**

The Court will direct a response to Counts I and III of the Complaint from Defendants Arpaio and Harrington[1].

**VI.  Pending Motions**

---

[1] The Court will not direct that service be made on the John Doe Defendants at this time. Generally, the use of John or Jane Doe-type appellations to identify defendants is not favored, and as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon a John or Jane Doe defendant. However, the Court will not dismiss the claim against the Doe Defendants at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

If Plaintiff later discovers the identity of these Defendants, Plaintiff should amend his Complaint to name them.  Plaintiff may amend his Complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). After any Defendant has filed an answer or other responsive pleading, however, Plaintiff must file a motion requesting leave to amend and submit a proposed amended complaint

1    Pending before the Court is Plaintiff's Motion For Discovery (Doc. #15). This motion

2    will be denied as premature. Plaintiff may re-file this motion after the filing of an answer by

3    Defendants.

4    Plaintiff has also filed a Motion For Appointment of Counsel (Doc. #16). There is no

5    constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents

6    of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil

7    rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe,

8    616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A

9    finding of exceptional circumstances requires an evaluation of both 'the likelihood of success

10   on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the

11   complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v.

12   Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors

13   together in deciding whether or not to appoint counsel. Id.

14   The Court has reviewed and evaluated the Complaint and finds this action presents

15   no "exceptional circumstances" requiring the appointment of counsel at this time. Plaintiff

16   is in no different a position than other *pro se* litigations who have brought nearly identical

17   claims. Accordingly, Plaintiff's Motion for Appointment of Counsel will be denied.

18   **VII. Warnings**

19   **A. Release**

20   Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

21   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

22   the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result

23   in dismissal.

24   **B. Address Changes**

25   Plaintiff must file and serve a notice of a change of address 10 days before the move

26   is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other

27   relief with a notice of change of address. Failure to comply may result in dismissal.

28

**C.  Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court may strike any filing that fails to comply with these requirements.

**D.  Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) That the Clerk of the Court is directed to file Plaintiff's Lodged Amended Complaint (Doc. #14), file-stamped on June 20, 2006;

(2) That Plaintiff's Motion To Amend (Doc. #13) is denied as moot;

(3) That Plaintiff's Motion To Amend Complaint (Doc. #13) is denied as moot;

(4) That Count II is dismissed from this action without prejudice;

(5) That Plaintiff's Motion For Discovery (Doc. #15) is denied as premature;

(6) That Plaintiff's Motion For Appointment of Counsel (Doc. #16) is denied;

(7) That the Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #14), this Order, and both summons and request for waiver forms for Defendants Harrington and Arpaio;

(8) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on each Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

1    action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the

2    Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

3        (10)  The United States Marshal must retain the Summons, a copy of the Amended

4    Complaint, and a copy of this Order for future use.

5        (11)  The United States Marshal must notify Defendants of the commencement of this

6    action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

7    Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The

8    Marshal must immediately file requests for waivers that were returned as undeliverable and

9    waivers of service of the summons. If a waiver of service of summons is not returned by a

10   Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

11   Marshal must:

12       (a)  Personally serve copies of the Summons, Amended Complaint, and this

13   Order upon   Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil

14   Procedure;

15       (b)  Within 10 days after personal service is effected, file the return of service

16   for Defendant, along with evidence of the attempt to secure a waiver of service of the

17   summons and of the costs subsequently incurred in effecting service upon Defendant.

18   The costs of service must be enumerated on the return of service form (USM-285) and

19   must include the costs incurred by the Marshal for photocopying additional copies of

20   the Summons, Amended Complaint, or this Order and for preparing new process

21   receipt and return forms (USM-285), if required.  Costs of service will be taxed

22   against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the

23   Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

24       (12)  **A Defendant who agrees to waive service of the Summons and Amended**

25   **Complaint must return the signed waiver forms to the United States Marshal not the**

26   **Plaintiff.**

27

28

1    (13)  Defendants must answer the Amended Complaint or otherwise respond by
2    appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
3    the Federal Rules of Civil Procedure.

4    (14) Any answer or responsive pleading must state the specific Defendant(s) by name
5    on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other
6    motion or paper that does not identify the specific Defendant(s) by name on whose behalf
7    it is filed.

8    (15)  This matter is referred to Magistrate Judge Virginia A. Mathis pursuant to Rules
9    72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

10   DATED this 7th day of August, 2006.

_____
Mary H. Murgula
United States District Judge